1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6   ALICIA KAY HONABACH,

7                                    Plaintiff,      Case No. 3:12-cv-05523-RBL-KLS

8           v.                                       REPORT AND RECOMMENDATION TO
                                                     DISMISS PLAINTIFF'S COMPLAINT
9   MICHAEL J. ASTRUE. Commissioner of               WITHOUT PREJUDICE
    Social Security,
10                                                   Noted for December 21, 2012
                                     Defendant.
11

12          This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

13   U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4.  This matter comes before the Court on

14   plaintiff's failure to serve the complaint in a timely manner.  Because plaintiff has not responded

15
16   to the undersigned's order to show cause regarding her failure to serve the complaint in this

17   matter in a timely manner, the undersigned recommends that the Court dismiss that complaint

18   without prejudice.

19                                        DISCUSSION

20          Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(m) provides in relevant part that

21
22   "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion

23   or its own after notice to the plaintiff – must dismiss the action without prejudice against that

24   defendant or order that service be made within specified time," unless "the plaintiff shows good

25   cause for the failure," in which case "the court must extend the time for service for an

26   appropriate period."   In the case of actions brought against a United States agency or a United

REPORT AND RECOMMENDATION - 1

States officer or employee in their official capacity, a copy of the summons and complaint must be served both on the United States itself and "by registered or certified mail" on the United States agency, officer or employee. Fed. R. Civ. P. 4(i)(2).  "To serve the United States, a party must:

> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> **(C)** if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

In this case, on June 13, 2012, plaintiff filed with the Court a copy of her complaint and a copy of a summons addressed to: US District Court – Western District of Washington, Office of the Regional Chief Counsel, Seattle (Region X), 700 Stewart Street, Seattle, WA 98101. See ECF#1 and #1-2.  On June 15, 2012, plaintiff was informed as to the deficiency of the form of the summons he had filed and as to how to go about curing that deficiency. See ECF, **NOTICE TO FILER:** SUMMONS FORM INCORRECT – NOT COURT FORM, June 15, 2012.  On October 24, 2012, the undersigned issued an order to show cause informing plaintiff that more than 120 days have passed since she filed her complaint with the Court, but there was no indication that proper service had been made on defendant, nor had plaintiff shown good cause for not properly serving defendant. See ECF #4.

In the undersigned's order to show cause, plaintiff was directed to effect proper service on defendant and submit evidence thereof to the Court by **no later than November 23, 2012**, or

REPORT AND RECOMMENDATION - 2

show cause why this matter should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to prosecute.  To date, however, no such proof of service or other response has been received by the Court.

<u>CONCLUSION</u>

Because plaintiff has failed to respond to the undersigned's order to show cause to provide evidence that service has been properly effected in this case, the undersigned recommends that the Court dismiss her complaint without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. <u>See also</u> Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **December 21, 2012**, as noted in the caption.

DATED this 6th day of December, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3